Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

## TWENTY-SECOND JUDICIAL CIRCUIT COURT
## ST. LOUIS CITY, MISSOURI

Anheuser-Busch Employees'
Credit Union,

       Counterclaim-Defendant,

v.

Daniel P. Wells,

       Counterclaimant.

Case No. 1522-AC09263-01
Division: 29

### Joint Motion for Preliminary Approval of
### Class-Action Settlement

The parties respectfully move the Court to enter an order preliminarily approving the proposed Settlement Class[1] and "Class Action Settlement Agreement and Release" dated April 18, 2018 (the "Agreement") (attached as Ex. 1) as fair, reasonable and adequate under Missouri Supreme Court Rule 52.08, and direct notice to the Settlement Class as provided for in the Agreement.

WHEREFORE, the parties respectfully request the Court enter a preliminary approval order: (a) preliminarily approving the proposed Settlement Class and Agreement attached as Exhibit 1 as fair, reasonable and adequate under Missouri Supreme Court Rule 52.08; (b) approving the appointment of Counterclaimant Daniel P. Wells as representative of and his counsel as counsel ("Class Counsel") for the Settlement Class;

---

[1] Unless defind otherwise in this Motion, all capitalized terms have the meaning ascribed to them in Ex. 1.

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

(c) approving a form of mailed notice substantially similar to the Class Mail Notice attached as Exhibit A to the Agreement; (d) approving a Long-Form Notice substantially similar to the form attached as Exhibit B to the Agreement; (e) scheduling a hearing for final approval of the Agreement; (f) setting dates for a final fairness hearing, the parties' submissions relative to the Settlement, including applications for payment of services to Wells, payment of attorney's fees, reimbursement of expenses by Class Counsel and for members of the Settlement Class to exclude themselves (opt-out), object and/or appear at the fairness hearing; and (g) for such other and further provisions consistent with the terms and provisions of the Agreement as the Court may deem advisable.

Dated:  April 20, 2018

LEWIS RICE LLC

By: /s/ Thomas M. Martin
    Thomas M. Martin, #38811
    Joseph E. Bant, #61145
    1010 Walnut Suite 500
    Kansas City, MO 64106
    816-421-2500
    816-472-2500 (Fax)
    tmmartin@lewisricekc.com
    jebant@lewisricekc.com

    *Attorneys for Counterclaim Defendant*

ONDERLAW, LLC

By:/s/ Jesse B. Rochman
    Martin L. Daesch, #40494
    Jesse B. Rochman, #60712
    110 E. Lockwood Ave.
    St. Louis, MO 63119
    314-963-9000
    314-963-1700 (Fax)
    daesch@onderlaw.com
    rochman@onderlaw.com

    *Attorneys for Counterclaimant*

2

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), made subject to approval by the Court, is between Daniel P. Wells ("Wells" or "Class Representative"), individually and as the representative of the Settlement Class, and Anheuser-Busch Employees' Credit Union ("Credit Union"). Class Representative, Credit Union, and the Settlement Class are sometimes individually called "Party" and collectively called the "Parties."

WHEREAS, Wells is the named counterclaimant in the civil action pending before the Twenty-Second Judicial Circuit Court, St. Louis City, Missouri, styled *Anheuser-Busch Employees' Credit Union v. Wells*, Case No. 1522-AC09263-01 (the "Litigation"); and

WHEREAS, Wells is asserting claims against Credit Union for alleged violations of Missouri Chapter 408, Missouri Chapter 365, and the Uniform Commercial Code, and seeks statutory damages and other relief for himself and a class of persons similarly situated who obtained a secured collateralized loan or financing from Credit Union where the collateral was repossessed; and

WHEREAS, the Parties stipulate to a Settlement Class, pending preliminary and final approval by the Circuit Court of St. Louis City, Missouri, comprising and defined as all persons (a) who are named as borrowers or buyers on a consumer loan or consumer financing agreement with Credit Union, assigned to Credit Union, or owned by Credit Union; (b) whose loan or financing agreement was secured by personal property collateral that was used or bought for use primarily for personal, family, or household purposes; (c) whose personal property collateral was repossessed; and (d) whose personal property collateral was disposed of from April 12, 2006, to May 31, 2015; but (e) excluding any persons who are current employees of Credit Union.

WHEREAS, Wells' counsel ("Class Counsel") and Credit Union's counsel have

EXHIBIT
1

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

investigated the facts relating to the claims alleged and the events and transactions underlying the Litigation, through formal and informal discovery, and have made a thorough study of the legal principles applicable to the claims being asserted against Credit Union; and

WHEREAS, the Parties have agreed, subject to Court approval, to resolve the Litigation as between Class Representative, the Settlement Class, and Credit Union under the terms of this Agreement; and

WHEREAS, the Parties and their respective counsel have engaged in arm's length negotiations, including multiple mediations, and substantial follow up negotiation about the settlement of the claims and causes of action being asserted against Credit Union; and

WHEREAS, the Class Representative and Class Counsel have concluded a settlement with Credit Union under this Agreement will be fair, just, equitable, reasonable, adequate and in the best interests of Class Representative and the Settlement Class based upon their investigation, study, negotiations and discovery taken, and considering the contested issues, the expense and time to prosecute the Litigation against Credit Union through trial, the delays and the risks and costs of further prosecution against Credit Union, the uncertainties of complex litigation, and the benefits to be received under this Agreement; and

WHEREAS, Credit Union desires to settle under this Agreement to avoid the burden, expense, and uncertainty of continuing litigation, and to put to rest all controversies that have been or could be raised against Credit Union in the Litigation; and

WHEREAS, the Parties acknowledge and agree the Agreement constitutes a compromise in settlement of the claims and causes of action that have been or could be raised by the Class Representative and the Settlement Class (or members thereof) against Credit Union and/or the other Released Persons as to or in connection with any collateralized loan or financing from

2

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

Credit Union.

NOW THEREFORE, the undersigned Parties, each intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings in this Agreement, agree, subject to approval of the Agreement by the Court, that the Litigation and the Released Claims against the Released Persons are finally and fully compromised and settled and that the claims of the Settlement Class against the Released Persons shall be dismissed with prejudice as against the Released Persons:

**1.**      **Denial of Liability; No Admissions**

The Parties are entering into the Agreement to resolve vigorously disputed claims that have arisen between them and to avoid the burdens, expense, and risk of further litigation.  By entering into any preliminary settlement discussions, agreeing to the Agreement, or seeking the approval of the Settlement, the Parties are not making any admissions or concessions regarding any claims or defenses alleged or asserted, or any factual or legal assertions in the Litigation. Neither the Agreement nor any of its terms or provisions nor any of the negotiations between the Parties or their counsel shall be construed as an admission or concession by any of the Parties or their counsel of anything, including, but not limited to, any alleged violation or breach of contract or duty, any alleged fraud, misrepresentation, or deception, or any alleged violation of any federal, state, or local rule, regulation, guideline, or legal requirement (or any other applicable law, rule, regulation, guideline, or legal requirement).  The Parties expressly agree that, if the Court does not approve the Agreement, or if any appellate court disapproves of the Agreement in any way that prevents the Settlement from becoming final and effective, or if any other event occurs that prevents the Settlement from becoming final and effective, no Party will use or attempt to use any conduct or statement of any other Party regarding the Agreement, or

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

any effort to seek approval of the Agreement, or any negotiations or discussions concerning the Settlement, to affect or prejudice any other Party's rights in any ensuing litigation. The Parties expressly reserve all rights and defenses to all claims and causes of action and waive no such rights or defenses if the Agreement is not approved or fails to become effective for any reason.

2.     **Definitions**

As used in the Agreement, these terms shall be defined:

2.1     **Absolute Bar States.** "Absolute Bar States" means the states that apply the absolute bar rule as shown by the Parties' research. These states include Arkansas, California, Connecticut, Delaware, District of Columbia, Georgia, Iowa, Kansas, Kentucky, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, South Carolina, Texas, Utah, Vermont, Wisconsin, and Wyoming.

2.2     **Cash Fund.** "Cash Fund" means the amount to be paid under Paragraph 4.a.

2.3.     **Class Counsel**. "Class Counsel" shall mean Class Representative's counsel, Martin L. Daesch, Jesse B. Rochman, and the law firm OnderLaw, LLC, 110 E. Lockwood Avenue, St. Louis, Missouri 63119.

2.4.     **Class Mail Notice**. "Class Mail Notice" means the documents in a form substantially the same as that attached as **Exhibit A.**

2.5.     **Counterclaim Defendant's Counsel**. "Counterclaim Defendant's Counsel" means Thomas M. Martin, Joseph E. Bant, and the law firm of Lewis Rice LLC, 1010 Walnut Street, Suite 500, Kansas City, Missouri 64106-2150.

2.6.     **Court**. "Court" means the Twenty-Second Judicial Circuit Court, St. Louis City, Missouri.

2.7.     **Credit Union**. "Credit Union" means Anheuser-Busch Employees' Credit Union,

4

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

a Missouri chartered credit union, and includes all successors, predecessors, entities that have merged into Anheuser-Busch Employees' Credit Union, subsidiaries, affiliates, and divisions of Anheuser-Busch Employees' Credit Union, including, but not limited to, American Eagle Credit Union and Purina Credit Union.

2.8.    **Deficiency Write-Off.** "Deficiency Write-Off" means all deficiency account balances and deficiency claims as of the Effective Date that Credit Union will write off to benefit the Settlement Class under Paragraph 4.m.

2.9.    **Effective Date**. The "Effective Date" of the Agreement means the date when all the conditions in Paragraph 12 have occurred, provided that Credit Union has not timely rescinded the Agreement under Paragraph 9 below.

2.10.    **Final Approval Order**. "Final Approval Order" means an Order consistent with Paragraph 10, finally approving the Agreement and the "Settlement" under Missouri Supreme Court Rule 52.08.

2.11.    **Final Hearing Date**. "Final Hearing Date" means the date set by the Court for the hearing on final approval of the "Settlement."

2.12.    **Final Judgment**. "Final Judgment" means a Judgment of the Court consistent with Paragraph 10.

2.13.    **Gross Write-Offs.** "Gross Write-Offs" is the Deficiency Write-Off and the Judgment Write-Off to be provided by Credit Union or performed by Credit Union under Paragraphs 4.m and 4.n. as consideration for the Settlement.

2.14.    **Gross Settlement Fund**. "Gross Settlement Fund" is the Cash Fund and Gross Write-Offs.

2.15.    **Judgment Write-Off.** "Judgment Write-Off" means all deficiency judgment

5

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

balances as of the Effective Date that Credit Union will deem satisfied to benefit the Settlement Class under Paragraph 4.n.

2.16.   **Long-Form Notice.**  "Long-Form Notice" means the documents in a form substantially the same as that attached as **Exhibit B.**

2.17.   **Net Distributable Settlement Fund**. "Net Distributable Settlement Fund" means the "Cash Fund" plus any interest earned on the Cash Fund, while in escrow, less the sum of (a) any incentive award approved by the Court and paid to the Class Representative; (b) any litigation expenses and/or costs approved by the Court and awarded to Class Counsel for this litigation or for ancillary matters in paragraph 5.b.; and (c) any award of attorneys' fees to Class Counsel.

2.18.   **Person(s).**  "Person(s)" shall have the broadest meaning possible and shall include all legal entities such as corporations or other companies.

2.19.   **Preliminary Approval Order**. "Preliminary Approval Order" means an Order consistent with Paragraph 8, preliminarily approving the Settlement, conditionally or preliminarily certifying a class for settlement, directing the issuance of class notice and scheduling a settlement hearing under Missouri Supreme Court Rule 52.08.

2.20.   **Released Persons**. "Released Persons" shall mean Credit Union, together with any of its parents or subsidiaries, and Credit Union's respective members, predecessors, successors, and assigns, and each of their past and present officers, directors, shareholders, members, agents, and employees, Credit Union's counsel, attorneys (including any consultants hired by counsel), accountants, insurers, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns.

2.21.   **Released Claims**. "Released Claims" means all claims, demands, actions, causes

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

of action, rights, offsets, setoffs, suits, damages, lawsuits, liens, costs, surcharges, losses, attorneys' fees, expenses or liabilities of any kind, in law or in equity, for any relief, including monetary, statutory damage or statutory penalty, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential or punitive damages, and all claims for any damages, damage to credit, penalties, attorneys' fees, costs or expenses, whether known or unknown, alleged or not alleged, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or not, that concern, relate to, or arise out of Credit Union's loans to the Releasors encompassed within the Settlement Class, including, but not limited to, claims relating to: (i) the making, granting of credit, any modification of, default or collection efforts, including lawsuits or judgments, relating to any of Credit Union's loans encompassed by the Settlement Class; (ii) the repossession and disposition of personal property collateral in connection with any of Credit Union's loans encompassed by the Settlement Class; (iii) any claim related to credit reporting or to information appearing in any of the Releasors' credit histories or credit reports, or claims similar to or in the nature of defamation, concerning or related to any of Credit Union's loans encompassed by the Settlement Class; (iv) any claim relating to the adequacy or sufficiency of notices and disclosures related to any Credit Union direct or indirect collateralized loan encompassed by the Settlement Class; (v) any claims for conversion or other common law tort or other statutory claim of any type, whether arising from federal, state or local law or regulation which any of the Settlement Class Members have or may have had, or now have, from the beginning of time up through and including the Effective Date, against the Released Persons, that relate to the loans encompassed by the Settlement Class.

2.22.   **Releasors**. "Releasors" means the Class Representative and all Settlement Class

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

Members, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any of them. The Releasors shall not include: (a) any members of the Settlement Class who opt out of the Settlement under Paragraph 9; or (b) any person(s) not identified by Credit Union as a member of the Settlement Class on **Exhibit C**.

2.23. **Settlement.** Settlement means the compromise in settlement memorialized in this Agreement.

2.24. **Settlement Administrator.** "Settlement Administrator" means First Class, Inc. or any other independent class action settlement administrator company retained by Class Counsel and approved by the Court to administer the Settlement.

2.25. **Settlement Class**. "Settlement Class" shall have the meaning defined in Paragraph 3.a.

2.26. **Settlement Class Member**. "Settlement Class Member" means any member of the Settlement Class who does not timely opt out of the Settlement under Paragraph 9.a. If a Settlement Class Member has died, then the person's estate, heirs, representatives, successors, or assigns shall be deemed a Settlement Class Member.

2.27. **Settlement Class Member Payment**. "Settlement Class Member Payment" means the portion of the "Net Distributable Settlement Fund" shown on **Schedules A** and **B** to be paid to the respective Settlement Class Members under the Settlement. **Schedules A** and **B** shall be prepared by Class Counsel and furnished to the Court and Counterclaim Defendant's Counsel within 10 business days after the information is furnished to Class Counsel under Paragraph 3.b. **Schedule A** includes all Settlement Class Members whose loan showed an address in the Absolute Bar States. **Schedule B** includes all Settlement Class Members from states other than

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

those covered by Schedule A; however, Settlement Class Members identified on Schedule B must submit a valid claim form substantially like **Exhibit D** to receive any Settlement Class Member Payment.

2.28.   **Settlement Hearing**. "Settlement Hearing" means the hearing on final approval of the class action settlement embodied in this Agreement.

**3.**      **Certification of the Credit Union Settlement Class**

a.      Class Counsel and Counterclaim Defendant's Counsel will request the Court to approve a settlement for a Class of persons for settlement (referred to and defined as the "Settlement Class"). The Settlement Class comprises: all persons (a) who are named as borrowers or buyers on a consumer loan or consumer financing agreement with Credit Union, assigned to Credit Union, or owned by Credit Union; (b) whose loan or financing agreement was secured by personal property collateral that was used or bought for use primarily for personal, family, or household purposes; (c) whose personal property collateral was repossessed; and (d) whose personal property collateral was disposed of from April 12, 2006, to May 31, 2015; but (e) excluding any persons who are current employees of Credit Union.

b.      Acting in good faith and using its best efforts, within 10 business days after the Court issues its Preliminary Approval Order, Credit Union shall provide a list to Class Counsel of all persons it has identified as in the Settlement Class. The list provided to Class Counsel shall contain for each member of the Settlement Class: (a) their name, Social Security Number, and last known address; and (b) the year of their loan or financing agreement with Credit Union, loan number or other loan identifier, the co-borrower or co-buyer, if applicable, the "Amount Financed" and "Finance Charge" from the truth-in-lending information in the agreement, the approximate deficiency balance remaining on the loan as of the Effective Date, the approximate

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

amount of any judgment that Credit Union obtained related to the agreement, and any other reasonable information that Class Counsel and Counterclaim Defendant's Counsel mutually agree is necessary for administration of the Settlement.  As stated above, Credit Union will act in good faith and use its best efforts to locate and provide the information described in this paragraph; however, the Parties acknowledge that Credit Union may not be able to locate and provide some of this information for some persons in the Settlement Class and that Credit Union has identified 48 loans, covered by the Settlement Class, for which Credit Union has been unable to locate any documents and some of the information described in this paragraph.  To protect the privacy and the names, addresses, and other personal information of the members of the Settlement Class, the list of Settlement Class Members attached as **Exhibit C** shall not be filed with the Court. **If the Court requires the list containing all the information provided to Class Counsel be filed, the Parties agree the list shall be filed under seal with the Court to protect the privacy and the names and addresses of the members of the Settlement Class.**

c.      If the Agreement is not approved by the Court under the proposed Final Approval Order and Final Judgment, the Agreement, the conditional settlement class certification provided, the Settlement (including any modifications made with the consent of the Parties), and any actions taken or to be taken in connection therewith, shall be terminated and shall become void and have no further force or effect, the Preliminary Approval Order shall be vacated, the Parties shall be restored to their respective positions existing prior to the execution of the Agreement, and the Parties' rights and obligations regarding the use of the Agreement and the settlement contemplated will be subject to Paragraph 1. In addition, neither the Agreement, the stipulated Settlement Class, the Preliminary Approval Order, nor any other document relating to any of the foregoing, shall be relied on, referred to or used for any purpose with any further

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

proceedings in the Litigation or any related action. In such case, or if the Agreement shall terminate or the settlement embodied does not become effective for any reason, the Agreement and all negotiations, court orders, and proceedings relating thereto shall be without prejudice to the rights of the Parties, who shall be restored to their respective positions existing prior to the execution of the Agreement, and evidence relating to the Agreement, and all negotiations, shall not be discoverable or admissible.

**4.     Settlement Consideration and Distribution of the Settlement Fund to the Settlement Class Members**

*Cash Fund*

a.     Within 10 business days after entry of the Final Approval Order and receipt by Counterclaim Defendant's Counsel in writing of wiring instructions and a completed W-9 Tax Form from Class Counsel and the Settlement Administrator, Credit Union shall deliver $19,750,000 into a qualified settlement fund established by Class Counsel through the Settlement Administrator, subject to Paragraph 15 below, by wire transfer at its own expense.  The account shall be labeled "Wells Class Action Qualified Settlement Fund."

b.     The Cash Fund shall be wired into an interest-bearing escrow account that the Parties shall establish, under mutually agreeable terms, at Fifth Third Bank or any other insured depository institution agreed to by the Parties (the "Escrow Agent"). The Cash Fund shall be held in a segregated account and may not be commingled with any other funds.  All interest earned on the Cash Fund while in escrow shall be added to and included within the definition of "Cash Fund" and shall be allocated to the persons identified on Schedule A and Schedule B in proportion to their respective shares of the Net Distributable Settlement Fund.  The Cash Fund, including any interest earned in escrow, shall be returned to Credit Union if the Settlement is rescinded, terminated, vacated, voided, or if the Effective Date does not arrive for any other

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

reason.  The Cash Fund, while in the escrow account, shall be invested in a manner that generates the highest return that can be obtained without risk to the principal.

      c.     The Parties agree that the Cash Fund will be released to Class Counsel or the Settlement Administrator from escrow on the first business day after the Effective Date.  The Settlement Administrator, subject to such supervision and direction of the Court as may be necessary, shall be responsible for and shall administer and oversee the distribution of the Gross Settlement Fund, Cash Fund, and Net Distributable Settlement Fund under the terms of the Agreement and **Schedules A and B** and the claim forms received from Settlement Class Members who are identified on Schedule B.

      d.     Subject to the provisions in Paragraph 9, if any members of the Settlement Class timely opt out and exclude themselves from the Settlement, the names of the "opt out" class members shall be removed from **Schedules A and B**, and the portion of the Net Distributable Settlement Fund attributable to them shall remain a part of the Net Distributable Settlement Fund and will be reallocated to the Settlement Class Members *pro rata*. The Parties shall submit any required revisions to **Schedules A and B** to the Court prior to the Final Hearing Date.

      e.     Upon release of the Cash Fund by the escrow agent, Class Counsel shall calculate the Gross Settlement Fund, Cash Fund, and Net Distributable Settlement Fund, subject to approval of Counterclaim Defendant's Counsel, and the Settlement Administrator shall distribute the Net Distributable Settlement Fund, including any interest earned on the fund while in escrow, to the Settlement Class Members based on **Schedules A and B**, except that, as set forth below, no distribution will be made to any Settlement Class Member identified on Schedule B unless such Settlement Class Member submits a valid and timely claim form. The Settlement Class Member Payment for each Settlement Class Member on **Schedules A and B** shall be equal to the "Finance

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

Charge" plus 10% of the "Amount Financed" on the Settlement Class Members' loans encompassed by the Settlement Class, provided that Settlement Class Members identified on Schedule B must submit a valid and timely claim form to receive the Settlement Class Member Payment allocated to them. If the Settlement Class Member Payments exceed the Net Distributable Settlement Fund, the Settlement Class Member Payments will be reduced *pro rata*, or as the Court may otherwise determine and approve. Settlement Class Members on **Schedule B** shall have 90 days after the Effective Date to submit a valid claim form. Within 100 days after the Effective Date, the Settlement Class Administrator shall notify the Parties of the number of valid claims and invalid claims. To the extent that there are Settlement Class Members identified on Schedule B who do not timely submit valid claim forms, their respective portions of the Net Distributable Settlement Fund (i.e. the Settlement Class Member Payments that would have been allocated to such Settlement Class Members if they had timely submitted valid claim forms) will revert to and become the property of Credit Union and be returned to Credit Union.   The Settlement Administrator shall distribute the Settlement Class Member Payments within 130 days after the Effective Date by checks mailed to the Settlement Class Members.  The Settlement Administrator will re-mail any returned check to any new address disclosed.  If any check is returned a second time, the Settlement Administrator shall undertake reasonable efforts to locate an address for the Settlement Class Member.  If any Settlement Class Member refuses to accept receipt of a Settlement Class Payment check, or does not cash a Settlement Cash Payment check within 30 days of receipt, the Settlement Administrator shall undertake reasonable efforts to locate or contact the Settlement Class Member and inquire about receiving or cashing the check.

      f.     Following the expiration of 220 days after the Effective Date, all checks first issued to the Settlement Class Members as a Settlement Class Member Payment not cashed or

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

negotiated will be deemed void, and the Settlement Administrator shall stop payment on such checks. Following the expiration of 310 days after the Effective Date, all checks reissued to the Settlement Class Members as a Settlement Class Member Payment not cashed or negotiated will be deemed void, and the Settlement Administrator shall stop payment on such checks. All portions of the Net Distributable Settlement Fund remaining 310 days after the Effective Date, less any costs or expenses associated with stopping payment on such checks, shall revert to and become the property of Credit Union.

g.      If necessary, the Settlement Administrator shall prepare and file and address any requisite IRS Form 1099s arising out of distributing the Settlement Funds, and the Settlement Class Members shall be responsible for any taxes due or any tax liability arising out of distributing the Settlement Funds, forgiveness of any debt, and waiver of any deficiency balance on any loan.

h.      The Released Persons shall have no responsibility for, interest in, or liability regarding the investment, allocation, or distribution of the Settlement Funds, the determination, administration, calculation, or payment of claims, tax liability, the payment or withholding of taxes, or any losses in connection with the Settlement Funds or the implementation of this Settlement.

i.      Any Settlement Class Member who receives a payment under the Settlement shall be solely responsible for distributing or allocating such payment between or among all co-borrowers on his, her, or their Loan, regardless of whether a payment check has been made payable to all or only some of the Settlement Class Members' co-borrowers. All Settlement Class Members represent and warrant that they may receive the Settlement Class Member Payment and have not assigned by law or otherwise the right to receive the Settlement Class

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

Member Payment. The Settlement Class Members shall, upon receipt of any Settlement Class Member Payment, remit the Settlement Class Member Payment to any persons having received by assignment or law any right, title, or interest to or in the Settlement Class Member Payment.

j.      If a Settlement Class Member has filed for bankruptcy, the Settlement Class Member shall be solely responsible for providing any required notice to the bankruptcy trustee or Bankruptcy Court of the Settlement and Settlement Class Member Payment.  OnderLaw, LLC agrees to indemnify, defend, and hold harmless any Released Person from any claim by any bankruptcy creditor or bankruptcy trustee relating to any failure by Class Counsel to (a) intervene in a bankruptcy and notify any bankruptcy trustee or any other interested party in bankruptcy of the benefits derived from or to be received by any Settlement Class Member because of this Agreement; or (ii) obtain any necessary consent or approvals from any bankruptcy trustee or bankruptcy court prior to the distribution of any Settlement Class Member Payment to any Settlement Class Member who has filed for, been discharged from, or is in any bankruptcy proceeding.  OnderLaw, LLC may select and retain counsel to fulfill any of its defense obligations arising out of this provision.  The obligations of Class Counsel under this provision shall survive and remain in effect after the Effective Date and continue until the expiration of any statute of limitations.

k.      No person shall have any claim against the Released Persons, Counterclaim Defendant's Counsel, or any agent designated under the Agreement based upon any distributions made substantially in accordance with the Agreement or any Orders of the Court.

l.      **State Laws Relating to Deficiency.** Notwithstanding anything to the contrary, the Parties acknowledge and agree that the Settlement Class Members' claims are premised on state laws.  The Absolute Bar States bar the recovery of the Schedule A class members'

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

deficiency balances because Credit Union failed to send presale notices complying with the Uniform Commercial Code adopted by each of the Absolute Bar States. The settlement consideration provided in the Agreement is determined by operation of state laws. The Parties will ask the Court to make an independent judicial investigation into the allegations of the sufficiency of Credit Union's presale notice under the Uniform Commercial Code adopted by each of the Absolute Bar States and what effect any insufficiency of the presale notice has on Settlement Class Members' alleged deficiency balances. The Parties agree that the Court's judicial investigation and determination shall be based on and expressly limited to the form of presale notice that was sent to Class Representative and shall expressly exclude any revised or updated or different forms and any presale notices that were sent by Credit Union on or after June 1, 2015.

m. **Write-Off of Class Members' Account Balances or Counterclaim Defendant's Deficiency Claims.** Promptly upon the Effective Date of the Agreement, Credit Union will, regarding all Settlement Class Members, close all accounts and write off any remaining deficiency balances then owed or claimed remaining as of the Effective Date on the Settlement Class Members' collateralized personal-property loans, including deficiency judgment balances as of the Effective Date, that are the subject of the Litigation, and will cease all collections and attempts to collect monies regarding said closed accounts and written off balances. Upon entry of the Preliminary Approval Order, Credit Union will cease active collection efforts on deficiency balances covered by this paragraph, cancel or stop collections on any payment plans or collections plans in effect for any of the deficiency balances covered by this paragraph, and Credit Union agrees that it will not offer any discounted settlement offers for deficiency balances covered by this paragraph. However, notwithstanding the foregoing, Credit

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

Union will be entitled to retain any payments that are made on such deficiency balances up through the date when the Final Approval Order is entered. Further, at any point, including after the entry of the Final Approval Order and the Effective Date of the Settlement, if any Settlement Class Members decide to make a voluntary payment on a written-off deficiency balance or judgment balance to reinstate their membership with Credit Union, Credit Union will be entitled to accept and retain such payment, provided that, if such payment is made by a Settlement Class Member after entry of the Final Approval Order and the Effective Date of the Settlement, Credit Union shall first notify the Settlement Class Member that the deficiency balance or judgment balance has been written off as part of this Settlement. The Deficiency Write-Off and all account balances and deficiency claims written off under this Agreement is approximately $29,050,000 as of April 17, 2018, and shall be included as part of the Gross Settlement Fund.

       n.      **Satisfaction of Judgments.** As soon as practicable, after the Effective Date of the Agreement, Credit Union will, at its cost, file satisfactions of judgment for all Settlement Class Members with judgments entered against them for deficiency balances on the loans that are the subject of this Litigation, unless such judgments have already been satisfied or have lapsed or been extinguished due to the passage of time. If Credit Union is subsequently notified at any point of a judgment entitled to "satisfaction" under this paragraph for which a satisfaction of judgment has not been filed, Credit Union's only obligation will be to promptly file a responsive satisfaction of judgment, and provided Credit Union does so, it will not be in breach of this Agreement or have any liability. The Judgment Write-Off and all judgments to be deemed satisfied under this Agreement as of the Effective Date is approximately $47,000 as of April 17, 2018, and shall be included as part of the Gross Settlement Fund.

       o.      **Credit Reporting by Credit Union.** After the Effective Date, except for

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

Settlement Class Members who have received a discharge in bankruptcy concerning the loans or debts that are the subject of this Settlement and Litigation, Credit Union will cease reporting to the national credit reporting agencies (Experian, Equifax, and TransUnion) (the "Credit Bureaus") the trade line(s) with respect to the Settlement Class Members' accounts/loans that are the subject of this Litigation.  As soon as practicable after the Effective Date, and except for Settlement Class Members who have received a discharge in bankruptcy concerning the loans or debts that are the subject of this Settlement and Litigation, Credit Union will use its best efforts to request that the Credit Bureaus delete any reporting of the trade line(s) regarding such collateralized loans or financing for Settlement Class Members, unless such credit information is of such an age that it would already have been removed from the Credit Bureau's reporting.

For Settlement Class Members who have received a discharge in bankruptcy concerning the loans or debts that are the subject of this Settlement and Litigation, Credit Union will request that the Credit Bureaus show the trade lines associated with such loans or debts as "$0 balance – discharged in bankruptcy," unless such credit information is of such an age that it would have already been removed from the Credit Bureau's reporting.

The Parties acknowledge the Credit Bureaus are separate entities from Credit Union. The Parties acknowledge that Credit Union cannot guarantee, warrant, or take responsibility for the Credit Bureaus regarding changing, deleting, suppressing, or making entries regarding any credit information or other information regarding the Settlement Class Members' accounts concerning their motor vehicle loans or financing from Credit Union for any loan by Credit Union.  The Parties understand the limitations on Credit Union in this regard, and any action, omission, and/or error by the Credit Bureaus shall not constitute a breach of this Agreement.

Class Representative and the Settlement Class Members acknowledge that the Credit

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

Bureaus' processes for acting on Credit Union's requests may take up to 120 days to complete. Provided that Credit Union has undertaken its obligations in this Paragraph 4.o, Class Representative and the Settlement Class Members waive all claims, whether arising in contract or tort, common law or statute, or federal or state law (including, but not limited to, claims for any damages, attorneys' fees or costs) against Released Persons that may arise after the Agreement or which arise out of or relate to actions required to be taken by Credit Union under this provision.  If a trade line fails to get deleted or the trade line reporting reoccurs, or credit information is not otherwise updated or changed as provided for in this Paragraph 4.o, on any account involved in this Litigation after Credit Union's initial request, Credit Union's only responsibility, upon being notified that the deletion or update or change did not occur, will be to submit a "Universal Data Form" or equivalent or similar request to the Credit Bureaus directing them to delete the information required or to update or change it, as applicable. If credit information is of such an age that it should already have been removed from the Credit Bureau's reporting, but was not so removed, Credit Union's only responsibility, upon being notified that such credit information is still being reported, will be to submit a "Universal Data Form" or equivalent or similar request to the Credit Bureaus directing them to delete the information required or to update or change it, as applicable. Class Representative's expert estimates the approximate benefit of the relief provided by this Paragraph is $35,000,000, and shall be included as part of the Gross Settlement Fund.

### *Private Letter Ruling*

p.      If the Court's independent judicial investigation determines Credit Union's presale notice is legally insufficient under the Uniform Commercial Code adopted by each of the Absolute Bar States, within 30 days after the Effective Date, Credit Union will submit a request

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

for a Private Letter Ruling to the IRS, seeking guidance to support the Parties' position that Credit Union does not have to file information returns with the IRS or issue Form 1099s to affected Settlement Class Members on Schedule A relating to relief being provided to such class members in the form of deficiency write-offs or satisfied judgments. Both Parties shall assist in the drafting of such letter to obtain the mutual goal of obtaining a favorable ruling from the IRS that information returns or Form 1099s are not required for such class members. Should a dispute arise about the content of the letter, the Parties shall try to amicably resolve the dispute, but Credit Union shall have the final say as to the content of the letter in its sole discretion. Credit Union shall not file information returns, Form 1096s or Form 1099s or issue Form 1099s to affected Settlement Class Members on Schedule A regarding the relief in deficiency write-offs or satisfied judgments until the earlier of: (1) when Credit Union receives a response from the IRS communicating its view that such information returns and/or Form 1099s must be filed with the IRS and such Form 1099s must be furnished to affected Settlement Class Members; or (2) the reporting time period for 2018, which is no later than January 31, 2019. If, prior to the reporting time period for 2018, Credit Union receives a response from the IRS communicating its view that such information returns and Form 1099s need not be filed or furnished, then Credit Union will permanently not file or furnish such returns and/or Forms. If, after the reporting time period for 2018, Credit Union receives a response from the IRS communicating its view that such information returns and Form 1099s need not be filed or furnished, then Credit Union will file or furnish amended returns and/or Forms.

Notwithstanding the foregoing, the Parties acknowledge that the deficiency write-offs and satisfaction of judgments, as set out in this Agreement, may have tax consequences for the affected Settlement Class Members. Further, Credit Union will have no obligation to apply for

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

an IRS Private Letter Ruling or take any other measures to determine or assess the tax consequences of any of the relief that Settlement Class Members will obtain under this Settlement, except as set forth above concerning the request for Private Letter Ruling regarding the deficiency write-offs and satisfaction of judgments for Settlement Class Members on Schedule A. For Settlement Class Members whose loans showed an address in a state other than the Absolute Bar States, Credit Union will have no obligation to apply for any IRS Private Letter Ruling, and the Parties acknowledge that Credit Union (or its agents or representatives) may file Forms 1096 and Forms 1099 (or other appropriate information returns) with the IRS and furnish copies of Forms 1099 to affected Settlement Class Members regarding the write-off of deficiency balances and the satisfaction of judgments, and the Released Persons shall not be liable to or subject to any claims by any Settlement Class Members or any other Releasor for doing so. All Settlement Class Members shall be responsible for any taxes due or any tax liability arising out of the distribution of the Settlement Funds, forgiveness or write-off of any debt, waiver or write-off of any judgment or deficiency balance (or portion thereof) on any loan, and any other relief provided under this Agreement.

*Settlement Administrator*

q.       Any costs, fees, and expenses for administration by the Settlement Administrator shall be paid from the Settlement Fund.

## 5.       Incentive Award, Attorneys' Fees and Costs and No Publicity

a.       Class Representative may petition the Court for the payment of an incentive award not to exceed $25,000 in recognition of services rendered to benefit the Settlement Class throughout the Litigation. Any such incentive award shall be besides the amount paid on Wells' individual claims. Any incentive award approved by the Court shall be paid from the Cash Fund and not besides it. Any incentive award approved by the Court shall be deducted from the Cash

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

Fund and distributed to the Class Representative with his Settlement Class Member Payment. Credit Union will not object to Class Representative applying to the Court for or receiving an incentive award in the above-stated amount.

      b.     Class Counsel or Class Representative may petition the Court for an award of litigation expenses, settlement administration expenses, and court costs not to exceed $50,000. Any such expense or award approved by the Court shall be paid from the Cash Fund and not besides it. Any such expense or award shall be deducted from the Cash Fund and distributed to Class Counsel the first business day after the Settlement Administrator receives the Cash Fund. Credit Union will not object to Class Counsel or Class Representative applying to the Court for and receiving an award of expenses and/or costs in the above amount.

      c.     Class Counsel or Class Representative may also petition the Court for an award of attorneys' fees which shall be a percent of the Gross Settlement Fund but shall not exceed $15,250,000. Any such fee award approved by the Court shall be paid from the Cash Fund and not besides it. Any such fee award approved by the Court shall be deducted from the Cash Fund and distributed to Class Counsel the first business day after the Settlement Administrator receives the Cash Fund. Credit Union will not object to Class Counsel or the Class Representative applying to the Court for and receiving an award of attorneys' fees in the above amount.

      d.     Except as provided in this Paragraph 5, each Party shall bear his or its own attorneys' fees, costs, and expenses in the prosecution, defense, and settlement of the Litigation, and specifically, without limitation, Credit Union shall bear no other attorneys' fees, court costs, or expenses.

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

6. **Releases**

a.     On the Effective Date, in exchange for the agreement by Credit Union to make available and pay the Gross Settlement Fund under the terms and conditions of this Agreement, and for other good and valuable consideration, Releasors, by operation of the Agreement and the Final Order and Judgment, shall be deemed without further action by any person or the Court (i) to have fully, finally, and forever released, settled, compromised, relinquished, and discharged the Released Persons of all Released Claims; (ii) to have consented to dismiss with prejudice the Released Claims of the Releasors against the Released Persons in the Litigation; and (iii) to be forever barred and enjoined from instituting or further prosecuting in any forum including, but not limited to, any state, federal, or foreign court, or regulatory agency, the Released Claims. The Parties agree the Released Persons will suffer irreparable harm if any Settlement Class Member takes action inconsistent with this release, and the Released Persons may seek an injunction on such action without further showing of irreparable harm.

b.     The Releasors acknowledge and agree that they know they may discover material or immaterial facts besides or different from those which they now know or believe to be true regarding the subject matter of the Release, but they intend to and do, upon the Effective Date of the Agreement, fully, finally, and forever settle and release each and every of the Released Persons from every Released Claim, known or unknown, suspected or unsuspected, accrued or not accrued, contingent or matured, which now exists, may hereafter exist, or may heretofore have existed, without regard to the later discovery or existence of such different or additional facts.

c.     Subject to Court approval, each Settlement Class Member shall be bound by the Agreement and all of their claims shall be dismissed with prejudice and released even if they

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

never received actual, prior notice of the Litigation or the Settlement in the Class Mail Notice or otherwise.  The Release and agreements in this Paragraph shall apply to and bind all Settlement Class Members, including those Settlement Class Members whose Class Mail Notices are returned as undeliverable, and those for whom no address can be found.

7.   **Representations and Stipulations**

    a.   Credit Union represents, warrants, and declares that:

        (i)   It has acted in good faith and has used its best efforts in identifying the members of the Settlement Class and in producing the Class Members' Retail Installment Contracts and Security Agreements or other Loan Agreements on which the distribution of the individual Settlement Class Member Payments on **Schedules A** and **B** are based (however, Class Counsel acknowledges that it has been advised of missing loan files and documents for some Settlement Class Members and that it is aware that Credit Union may not be able to locate and provide some of the requested information or documentation for some Settlement Class Members).

        (ii)   To the best of Credit Union's actual knowledge, there are no members of the Settlement Class other than those identified on **Exhibit C**.

        (iii)   But for the "automatic bar" law in the Absolute Bar States, the total amount due and owing from the Settlement Class Members identified on Schedule A for "deficiencies" on the Effective Date, if such totals could be determined or located, is approximately $25,050,000.

        (iv)   The total amount due and owing from the Settlement Class Members identified on Schedule B for "deficiencies" on the Effective Date, if such totals could be determined or located, is approximately $4,000,000.

        (v)   According to Credit Union's record search and investigation, judgments against Settlement Class Members subject to the Judgment Write-Off provisions of Paragraph 4.n existed on or around the Effective Date in the total amount of approximately $47,000.

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

(vi)   Credit Union states that it is possible that other litigation may have been taken against other Settlement Class Members, but Credit Union is unaware of such actions.

b.   Upon the Effective Date, the following stipulations shall be made:

(i)   <u>No Privilege Waiver</u>.  Each Party stipulates and acknowledges that neither the Agreement nor a Party's decision to negotiate and/or execute the Agreement can show or establish that a Party's conduct during the Litigation, including that of counsel, gives rise to or constitutes a waiver of the attorney-client, common-interest, or joint-defense privilege or work-product doctrine.

(ii)   <u>Use of Discovery Information</u>.   The Parties agree to comply with the Protective Order that was entered by the Court on August 30, 2017, except as the Parties have previously agreed or may hereafter agree.

c.   Except for Bob D. Hall in Case No. 15JE-AC04331 ("Other Client"), Class Counsel represents and warrants to Credit Union they have not been retained by any existing client to commence a new lawsuit or pursue any claims or right of relief against Credit Union regarding the Released Claims. The Other Client is a member of the Settlement Class and Class Counsel will advise Other Client of their belief that this Agreement is in his best interests just as it is in the best interests of the other members of the Settlement Class. In addition, Class Counsel agree they will not solicit the right to legally represent any member or members of the Settlement Class who opt(s) out of the Settlement Class and Settlement regarding the Released Claims unless the Agreement terminates or does not become effective.

**8.   Preliminary Approval Order**

The Parties shall promptly move the Court for a Preliminary Approval Order that:

a.   Preliminarily approves the proposed Settlement Class under Missouri Supreme Court Rule 52.08 for settlement;

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

b.      Preliminarily approves the Agreement as fair, reasonable, and adequate under Missouri Supreme Court Rule 52.08 subject to a final determination by the Court;

c.      Approves the appointment of Wells as representative of the Settlement Class;

d.      Approves the appointment of Class Counsel as counsel for the Settlement Class;

e.      Approves a form of mailed notice substantially like the Class Mail Notices attached as **Exhibit A** to be sent to the members of the Settlement Class on **Exhibit C**;

f.      Approves a Long-Form Notice (substantially like the form attached as **Exhibit B**) that contains more extensive information than the Class Mail Notice and that will be provided to members of the Settlement Class by request and on a website.

g.      Directs the Settlement Administrator to mail the Class Mail Notice promptly after entry by the Court of the Preliminary Approval Order to the Settlement Class by first-class mail to the last known address of such persons and to provide the Long-Form Notice to members of the Settlement Class on a website or otherwise if Settlement Class Members request it;

h.      Schedules a hearing for final approval of the Agreement;

i.      Establishes a procedure for members of the Settlement Class to opt out and setting a date, approximately 45 days after class notice is mailed or earlier as the Court directs, after which no member of the Settlement Class may opt out of the Settlement Class;

j.      Establishes a procedure for the members of the Settlement Class to appear or object to the Settlement and setting a date, approximately 45 days after the Class Mail Notices are mailed or earlier as the Court directs, after which no member of the Settlement Class may object;

k.      Contains such other provisions consistent with the terms and provisions of the Agreement as the Court may deem advisable.

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

9.      **Opt Outs and Objections by Members of the Settlement Class**

a.      <u>Procedure for Opt Outs</u>. The deadline for opt-out requests shall be in the Preliminary Approval Order. Any request to opt out must be in writing and must include the name, address, telephone number, last four digits of the Social Security Number of the Settlement Class Member seeking to opt out, and a statement that the Settlement Class Member and all other borrowers named on the Settlement Class Member's Retail Installment Contract and Security Agreement or governing loan agreement are seeking exclusion. Any opt-out request must be signed by each person who was a party to the Retail Installment Contract and Security Agreement or governing loan agreement that is the subject of this Litigation, unless such person is deceased. If a party to the Retail Installment Contract and Security Agreement or governing loan agreement is deceased, a copy of the death certificate for such person shall be submitted with the opt-out request. Any opt-out request must include a reference to *"Anheuser-Busch Employees' Credit Union v. Wells*, Case No. 1522-AC09263-01" and be mailed to the Settlement Administrator. Class Counsel will cause the Settlement Administrator to send all opt-out requests to Class Counsel and Counterclaim Defendant's Counsel via email within two days after receiving said requests.

To be timely and effective, any opt-out request must be postmarked on or before the date established by the Court in the Preliminary Approval Order. No member of the Settlement Class may opt out by having a request to opt out submitted and signed by an actual or purported agent or attorney acting on behalf of the Class Member. No opt-out request may be made on behalf of a group of Settlement Class Members. Each member of the Settlement Class not submitting an opt-out request that substantially complies with this Paragraph 9 shall be included in the Settlement Class and deemed a Settlement Class Member. The Parties shall provide to the Court,

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

by the date of the Final Approval Hearing, a list of all persons, by reference to a unique identifier and last four digits of the person's Social Security Number, who have timely and adequately filed a request to be excluded from the Settlement.

       b.    <u>Opt Out Limit</u>.  If opt-outs result in the exclusion from the settlement of 250 or more loans otherwise covered by this Settlement, Credit Union, in its sole discretion, may either rescind the Agreement, in which event every obligation under the Agreement shall cease to be of any force and effect, and the Agreement and any orders entered in connection therewith shall be vacated, rescinded, canceled, and annulled, or may obtain a *pro rata* reduction of the Net Distributable Settlement Fund. If Credit Union exercises its option to rescind the Agreement, the Parties shall return to the status quo as if the Parties had not entered into the Agreement. In addition, and in such event, the Agreement and all negotiations, court orders, and proceedings relating thereto, shall be without prejudice to the rights of the Parties, and evidence of or relating to the Agreement and all negotiations shall not be admissible or discoverable. Credit Union must exercise its option under this Paragraph at least 10 business days before the Final Hearing Date by giving written notice of such exercise to Class Counsel. Notwithstanding anything to the contrary in this Agreement, if Credit Union exercises its option to rescind this Agreement, it shall reimburse Class Counsel for up to $35,000 for expenses and costs actually incurred by Class Counsel regarding administering this settlement prior to rescission. Such expenses and costs shall not include Class Counsel's attorney or paralegal fees, for which there is no right to reimbursement.

       c.    <u>Procedure for Objections to Settlement</u>. Any member of the Settlement Class who wishes to object to the Settlement or to the incentive awards or the awards of expenses, costs and/or attorneys' fees must file a written notice of objection, including supporting papers as

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

described further below (collectively called the "Notice of Objection"), with the Court on or prior to the date established by the Court in the Preliminary Approval Order. To determine timeliness, a Notice of Objection shall be deemed to have been submitted when received and filed with the Clerk of Court. Copies of the Notice of Objection must also be postmarked on or before the date established by the Court in the Preliminary Approval Order, which shall be no more than 15 days before the Final Hearing Date and sent to:

> Martin L Daesch, Esq.
> Jesse B. Rochman, Esq.
> OnderLaw, LLC
> 110 E. Lockwood Avenue
> St. Louis, Missouri 63119
>
> (for the Settlement Class)
>
> and
>
> Thomas M. Martin, Esq.
> Joseph E. Bant, Esq.
> Lewis Rice LLC
> 1010 Walnut Street, Suite 500
> Kansas City, Missouri  64106-2150
>
> (for Credit Union).

The Notice of Objection must be in writing and shall specifically include:

(i)   The name, address, telephone number, facsimile number (if available), email address (if available) and last four digits of the Social Security Number of the Settlement Class Member filing the objection;

(ii)   A statement of each objection asserted;

(iii)   A detailed description of the facts underlying each objection;

(iv)   Any loan documents in the possession or control of the objector and relied upon by the objector for the objection;

(v)   If the objector is represented by counsel, the name, address, telephone number, facsimile number (if available) and email address (if available) of the counsel, and a detailed description of the legal authorities supporting

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

each objection;

(vi)     If the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts that outlines each of the expert's opinions and the factual and substantive bases thereof;

(vii)     If the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documentary evidence by attaching the documents to the objection, and the objector must provide any other evidence that the objector intends to present;

(viii)     A statement of whether the objector intends to appear at the hearing;

(ix)     A copy of any exhibits which the objector may offer during the hearing;

(x)     A reference to *"Anheuser-Busch Employees' Credit Union v. Wells*, Case No. 1522-AC09263-01;" and

(xi)     **A certification under 28 U.S.C. § 1746 or similar state law in substantially this form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".**

Attendance at the final hearing by an objector is optional. Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from objecting to the fairness, adequacy, or reasonableness of the proposed settlement or any provision or aspect of the settlement or Agreement. The agreed-upon procedures and requirements for filing objections should ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objections to the Agreement in accordance with such Settlement Class Members' due process rights. The Preliminary Approval Order and Long-Form Notice shall require all Settlement Class Members with any objections to serve by mail or hand delivery such objection upon Class Counsel and Counterclaim Defendant's Counsel at the addresses in the Long-Form Notice by the objection date set by the Court. If the objecting Settlement Class Member opts to serve the

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

objection upon Class Counsel and Counterclaim Defendant's Counsel by mail, the objection must be postmarked on or before the objection date set by the Court. The Preliminary Approval Order shall further provide that objectors who fail to properly or timely file their objections with the Clerk of the Court with the required information and documentation, or who fail to serve them, shall not be heard during any hearings, nor shall the Court consider their objections.

**10.   Final Approval Order and Final Judgment**

      a.      The Class Representative and Class Counsel agree that they will request the Court to enter, after the hearing on final approval of the Agreement, a Final Approval Order certifying the Settlement Class and finding that the Agreement is fair, reasonable, and adequate and in the best interest of the Settlement Class and ordering the Parties to carry out the Agreement.

      b.      The Class Representative and Class Counsel agree that they will request the Court to enter a Final Judgment dismissing all claims and motions of Credit Union and the Settlement Class on the merits and with prejudice as to the Parties and Releasors, declaring that the Settlement Class Members are bound by the Releases in Paragraph 6 of the Agreement, and noting the Court's decision to reserve continuing jurisdiction over the enforcement of the Agreement and the administration and distribution of the Settlement Funds.

      c.      The Settlement Administrator, assisted by Class Counsel, shall file a final accounting with the Court within 400 days after the Effective Date. This final accounting shall contain a summary of all the distributions of the Cash Fund. Upon receipt of the final accounting, the Court, if satisfied with such report, shall file a Notice of Acceptance of Final Accounting indicating the Court's approval. If the Court requires clarification or additional information, Class Counsel shall furnish such information within 10 business days after such request.

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

11. **Certifications to the Court**

      a.      By the Final Hearing Date, Class Counsel shall file with the Court an affidavit verifying that the Court-approved Class Mail Notices have been sent by first-class mail and that the Long-Form Notice has been provided to members of the Settlement Class on a website or otherwise upon the request of Settlement Class Members.

      b.      By the Final Hearing Date, Class Counsel shall file with the Court an affidavit verifying that they have complied with the procedures described in Paragraph 14.a. regarding all Class Mail Notices returned as undeliverable.

12. **Effectiveness of Settlement Agreement**

      The "Effective Date" of the Agreement shall be the date when the following conditions have occurred:

      a.      The Agreement has been signed by Class Representative, Credit Union, Class Counsel, and Counterclaimant's Counsel; and

      b.      A Preliminary Approval Order has been entered by the Court as required by Paragraph 8, granting preliminary approval of the Agreement and approving the forms of the Class Mail Notice and Long-Form Notice; and

      c.      The Court-approved Class Mail Notices have been duly mailed to the Settlement Class as ordered by the Court; and

      d.      The Court-approved Long-Form Notice has been provided on a website that the Settlement Class can access; and

      e.      The Court has entered a Final Approval Order as provided for in Paragraph 10.a; and

      f.      The Court has entered a Final Judgment as provided for in Paragraph 10.b; and

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

g.      The Final Approval Order and the Final Judgment have become final because of (i) the expiration of the time for appeals therefrom with no appeal having been taken, or (ii) if review of the order, or any portion thereof, is sought by any person, the matter has been fully and finally resolved by the appellate court(s) and the time for seeking any higher level of appellate review has expired.

If any material portion of the Agreement, the Final Approval Order, or the Final Judgment is vacated, modified, or otherwise altered on appeal, any Party, in its sole discretion, may, within 14 business days after such appellate ruling, declare that the Agreement has failed to become effective, and in such circumstances, the Agreement shall cease to be of any force and effect as provided in Paragraph 13.

**13.     Failure of Condition**

If the Agreement fails to become effective under Paragraph 12, the orders, judgment, and dismissal to be entered under the Agreement shall be void or otherwise vacated, and the Parties will be returned to the status quo as if the Agreement had never been entered into. In addition, the Agreement and all negotiations, court orders, and proceedings relating to the Agreement shall be without prejudice to the rights of all Parties, and evidence relating to the Agreement and all negotiations shall not be admissible or discoverable. Notwithstanding anything to the contrary in this Agreement, if the Agreement fails to become effective because of the Court's determination, Credit Union shall reimburse Class Counsel for half of the expenses and costs—up to an aggregate limit of $17,500—actually incurred by Class Counsel regarding administering this settlement prior to such failure. The costs and expenses shall not include Class Counsel's attorney or paralegal time, for which there is no right to reimbursement. If Credit Union elects to terminate the Agreement under Paragraph 12, it shall reimburse Class Counsel for up to $35,000

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

of actual costs and expenses incurred by Class Counsel for settlement administration. The expenses and costs shall not include Class Counsel's attorney or paralegal fees, for which there is no right to reimbursement. Except as provided in this Paragraph or as provided in Paragraph 9.b., Class Counsel shall bear all costs of class administration.

**14.**     **Class Notice Forms**

a.     **Exhibit C** constitutes a list of the members of the Settlement Class to whom notice under the Agreement shall be provided. Prior to mailing the Class Mail Notices, the Settlement Administrator will update the addresses by the United States Postal Service's National Change of Address database or another address database service (e.g., Accurint, Intelius). The Settlement Administrator will re-mail any returned notices to any new address disclosed. If any notice is returned a second time, the Settlement Administrator shall undertake reasonable efforts to locate an address for the Settlement Class Members. The notices shall be mailed within 10 business days after the Court's entry of the Preliminary Approval Order. Also within 10 business days after the Court's entry of the Preliminary Approval Order, the Settlement Administrator will provide the Court-approved Long-Form Notice and claim form on a website that the Settlement Class can access. If so requested by any member of the Settlement Class, the Settlement Administrator shall also mail a copy of the Long-Form Notice to the requesting member by first-class mail.

b.     Subject to Court approval, all Settlement Class Members shall be bound by the Agreement and the Released Claims shall be dismissed with prejudice and released even if a Settlement Class Member never received actual notice of the Litigation or the Settlement. Further, the Parties expressly acknowledge and agree that a Final Judgment shall be entered by the Court dismissing the Released Claims and barring the re-litigation of the Released Claims,

34

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

regardless of whether the claims were asserted, to the fullest extent of the law, and that any dismissal order or judgment shall be entitled to Full Faith and Credit in any other court, tribunal, forum, including arbitration forum, or agency.

**15.**    **Qualified Settlement Fund**

a.    The Gross Fund shall constitute a "qualified settlement fund" ("QSF") within the meaning of Treasury Regulation Section 1.468B-1 promulgated under Section 468B of the Internal Revenue Code of 1986 as amended. The Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation §1.468B-2(k)(3).

b.    Upon establishment of the QSF, the Settlement Administrator shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation §1.468B-2(k)(4).

c.    If requested by either Credit Union or the Settlement Administrator, the Settlement Administrator and Credit Union shall cooperate in filing a relation-back election under Treasury Regulation §1.468B-1(j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

d.    Class Counsel shall cause the Settlement Administrator to file, on behalf of the QSF, all required federal, state, and local tax returns, information returns, and tax withholdings statements under Treasury Regulation §1.468B-2(k)(1) and Treasury Regulation §1.468B-2(1)(2)(ii).

**16.**    **General Provisions**

a.    <u>Best Efforts to Effectuate Settlement</u>. The Parties' counsel shall use their best efforts to cause the Court to give Preliminary Approval to this Agreement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the settlement on the

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

stated terms and to obtain Final Approval of this Agreement.

b.   <u>Entire Agreement</u>. This Agreement constitutes the full, complete, and entire understanding, agreement, and arrangement of and between the Class Representative and the Settlement Class Members and Credit Union regarding the Settlement and the Released Claims against the Released Persons. The Agreement supersedes all prior oral or written understandings, agreements, and arrangements between the Parties regarding the Settlement and the Released Claims against the Released Persons. Except for those set forth expressly in the Agreement, there are no agreements, covenants, promises, representations, or arrangements between the Parties regarding the Settlement and/or the Released Claims against the Released Persons.

c.   <u>Modification in Writing</u>. This Agreement may be altered, amended, modified, or waived, in whole or in part, only in a writing signed by all Parties. The Agreement may not be amended, altered, modified, or waived, in whole or in part, orally.

d.   <u>Ongoing Cooperation</u>. The Parties shall execute all documents and perform all acts necessary and proper to effectuate the Agreement. The execution of documents must take place prior to the Final Hearing Date.

e.   <u>Duplicate Originals/Execution in Counterparts</u>. All Parties, Class Counsel, and Counterclaim Defendant's Counsel shall sign two copies of the Agreement, and each such copy shall be an original. The Agreement may be signed in one or more counterparts. All executed copies of the Settlement Agreement and photocopies thereof (including facsimile or scanned copies of the signature pages) shall have the same force and effect and shall be as legally binding and enforceable as the original.

f.   <u>No Reliance</u>. Each Party to the Agreement warrants he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations made in the Agreement.

g.      Governing Law. The Agreement shall be interpreted, construed, enforced, and administered under the laws of Missouri, without regard to conflict of laws rules. The Agreement shall be enforced in the Twenty-Second Judicial Circuit Court – St. Louis City, Missouri. Credit Union, Class Representative, and the Settlement Class Members waive any objection that each such party may now have or hereafter have to the venue of such suit, action, or proceeding and irrevocably consent to the jurisdiction of the Twenty-Second Judicial Circuit Court – St. Louis City, Missouri in any such suit, action, or proceeding, and agree to accept and acknowledge service of all process which may be served in any such suit, action, or proceeding.

h.      Reservation of Jurisdiction. Notwithstanding the dismissal of and entry of a judgment on the Released Claims, the Parties agree that the Court should retain jurisdiction to enforce the terms of the Agreement.

i.      Binding on Successors. Upon execution, the Agreement shall bind and shall inure to the benefit of the Parties and their respective successors, assigns, executors, administrators, heirs, and legal representatives.

j.      Mutual Preparation. The Agreement shall not be construed more strictly against one party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's length negotiations between the Parties, all Parties have contributed to preparing the Agreement.

k.      Gender Neutrality. All personal pronouns used in the Agreement, whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa.

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

l.      Taxes. All Settlement Class Members must pay and report any federal, state, and local income taxes that may be due on any payments made to them and on any other benefit they receive under the Agreement, including benefits related to the Deficiency Write-Off and Judgment Write-Off.

m.      No Other Financial Obligations on Credit Union. Credit Union shall not be liable or obligated to pay any fees, expenses, costs, or disbursements to Class Representative, Class Counsel, or the Settlement Class Members, either directly or indirectly, for the Litigation or the administration of the Agreement, other than the amounts specifically provided in this Agreement. Any miscellaneous settlement administration expenses of any kind shall be advanced by Class Counsel and reimbursed from the Settlement Funds, subject to the Court's approval.

n.      Restriction on Communications to Media Regarding Settlement. Aside from what may be required by the terms of this Settlement or by Missouri Supreme Court Rule 52.08, the Parties agree that they will not publicize this Settlement and that they will not make statements or communications to press or media outlets regarding this Settlement. If a media outlet or press outlet contacts either of the Parties or their Counsel for comment regarding the Settlement, the contacted Party or Counsel will advise the media or press outlet that they reached a satisfactory agreement and that they have no further comment. Nothing in this provision restricts in any manner Credit Union's abilities and rights with respect to its communications to regulatory agencies and insurance companies. Further, nothing in this provision or Agreement restricts Credit Union from using or referring to the terms of the Settlement in connection with Credit Union's pursuit of any potential claims related to the Litigation or to the Settlement.

o.      Authority. Each of the Parties to the Agreement represents, covenants, and warrants that (a) they have the full power and authority to enter into and consummate all

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

transactions contemplated by the Agreement and have duly authorized the execution, delivery, and performance of the Agreement and (b) the person executing the Agreement has the full right, power, and authority to enter into the Agreement on behalf of the party for whom he/she has executed the Agreement, and the full right, power, and authority to execute all necessary instruments, and to bind such party to the terms and obligations of the Agreement.

  p. <u>Exhibits</u>. The exhibits attached to the Agreement are incorporated as though set forth in the Agreement.

  q. <u>Own Fees and Costs</u>. Except as otherwise provided in this Agreement, each Party shall bear his or its own attorneys' fees, costs, and expenses in the prosecution, defense, or settlement of the Litigation.

  r. <u>Credit Union Reserves Claims</u>.  Notwithstanding any of the foregoing, except as specifically provided in this Agreement concerning deficiency claims against Settlement Class Members, nothing in this Agreement is intended to release any claims that Credit Union may have related to or arising from the Litigation or the Settlement, including, without limitation, possible claims against any attorneys or law firm who represented Credit Union or against any insurance company or broker.  All such claims are expressly preserved.

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused the Agreement to be executed as of _____, 2018.

Daniel P. Wells

Dated: _____, 2018

*Daniel P Wells*
Daniel P. Wells, for himself and the Settlement Class Members


Anheuser-Busch Employees' Credit Union

Dated: _____, 2018

By:_____

Name:_____

Title:_____


Class Counsel

Dated: _____, 2018

By:_____


Counterclaim Defendant's Counsel

Dated: _____, 2018

By:_____

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused the Agreement to be executed as of _April 19_____, 2018.


Daniel P. Wells

Dated: _____, 2018

_____
Daniel P. Wells, for himself and the
Settlement Class Members


Anheuser-Busch Employees' Credit Union

Dated: _April 18____, 2018

By:_____

Name:___Robert McKay_____

Title:____CEO_____


Class Counsel

Dated: _____, 2018

By:_____


Counterclaim Defendant's Counsel

Dated: _April 19____, 2018

By:_____

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

## EXHIBITS AND SCHEDULES

Schedule A – Proposed Distribution Schedule of Net Distributable Settlement Fund/ Settlement Class Member Payments for Settlement Class Members in Absolute-Bar States (To be furnished as provided for in this Agreement)

Schedule B – Proposed Distribution Schedule of Net Distributable Settlement Fund/ Settlement Class Member Payments for Settlement Class Members in Non-Absolute-Bar States (Distributions Contingent on Receipt of Valid Claims Forms) (To be furnished as provided for in this Agreement)

Exhibit A – Class Mail Notice

Exhibit B – Long-Form Notice

Exhibit C – Settlement Class List (To be furnished as provided for in this Agreement)

Exhibit D – Claim Form

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

## Notice of Class Action Settlement

*A court authorized this notice.  This is not a solicitation from a lawyer.*

If you were named as a borrower or buyer on a consumer loan signed with or assigned to Anheuser-Busch Employees' Credit Union ("Credit Union"), secured by personal-property collateral repossessed and sold from April 12, 2006, to May 31, 2015, and you aren't a current employee of Credit Union, you may be eligible for valuable benefits from a class-action settlement.

### This notice may affect your rights. Please read it carefully.

A settlement has been reached in a class action alleging Credit Union sent improper notices to you in connection with attempting to collect your loan and repossessing and selling your property. The name of the case is *Anheuser-Busch Employees' Credit Union v. Wells*, Case No. 1522-AC09263-01, and it's pending in St. Louis City, Missouri Circuit Court. Consult your tax adviser about the tax issues for the settlement.

SETTLEMENT BENEFITS
- Money: $19,750,000 to pay Class Members, attorneys' fees, and costs to Class Counsel and incentive award to the Class Representative.

- Deficiency Write-Off and Judgment Write-Off: Credit Union will no longer seek to collect any money it claimed you owed after it repossessed property due to it asserting you broke promises in your agreement with Credit Union. Credit Union will also satisfy any judgments related to these agreements. The value of this benefit to the entire Class is at least $29,000,000.

- Credit Bureau Reporting: Credit Union will try to delete deficiency balance information on your credit reports with the nationwide consumer reporting companies—Equifax, Experian, and TransUnion—related to these agreements.

### To receive money, you might have to submit a claim form.
### Do nothing if you want to receive the other benefits.

IMPORTANT DEADLINES AND DATES
- Claim Deadline: If you received a claim form with this notice, you must submit it by _____, 2018, to qualify for a payment. If you didn't receive a claim form with this notice, do nothing to qualify for a payment.

- Exclusion Deadline: If you don't want benefits from this settlement, but you want to keep the right to sue or continue to sue Credit Union on your own about the legal issues in this case, then you must request to be excluded by _____, 2018. If postmarked by this date, the Court will exclude you from the Class. You can exclude yourself from the Class by using the procedure described in the "Long Form" Notice.  The "Long Form" Notice also explains what you gain or give up by either participating in or excluding yourself from the settlement.

- Objection Deadline: You may object to the settlement. To object to the settlement, you must file and serve objections postmarked by _____, 2018, using the procedure described in the "Long Form" Notice.

- Final Approval and Fairness Hearing: The Court will hold a final approval and fairness hearing on _____, 2018 at ____ a.m./p.m. You don't have to attend the hearing to receive the benefits of this settlement, but you may attend if you choose. The hearing will occur at the Twenty-Second Judicial Circuit, 10 N. Tucker Boulevard, St. Louis, Missouri 63101, in Division 29. The Long Form Notice advises you on what you must do to speak at the hearing.

**This notice summarizes certain aspects of the proposed settlement. More details are in a "Long Form" Notice and the Settlement Agreement. You can get a copy of both by calling 1-800-123-4567 toll free; writing to Credit Union Settlement, P.O. Box 000, City, ST 00000-0000; or visiting www.settlementwebsite.com.**

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

TWENTY-SECOND JUDICIAL CIRCUIT COURT FOR ST. LOUIS CITY, MISSOURI

# If you owned property repossessed by Anheuser-Busch Employees' Credit Union, you could get valuable benefits from a class-action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- You may be eligible to participate in a settlement with benefits, including money, the cancellation of certain debts, the satisfaction of judgments, and the deletion of certain negative credit information from credit reports for all persons with a consumer agreement with Anheuser-Busch Employees' Credit Union ("Credit Union") who had property repossessed and sold by Credit Union from April 12, 2006, to May 31, 2015, so long as you aren't a current employee of Credit Union.

- The settlement resolves a lawsuit over whether Credit Union sent proper notices to you in connection with attempting to collect your loan and repossessing and selling your property. This settlement avoids costs and risks to you from the lawsuit; provides benefits to borrowers like you; and releases Credit Union from liability.

- The two sides disagree on whether the borrowers would have won or lost and on how much money they would've been entitled to had they won.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

- Consult your tax adviser about the tax issues associated with this settlement. Relief provided under this settlement, including money and debt reduction, may be subject to tax.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM** | If your consumer agreement with Credit Union showed your address in a state other than Arkansas, California, Connecticut, Delaware, District of Columbia, Georgia, Iowa, Kansas, Kentucky, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, South Carolina, Texas, Utah, Vermont, Wisconsin, and Wyoming ("Absolute Bar States"), you must submit a claim to get a payment. If your consumer agreement showed your address in one of the above Absolute Bar States, you needn't submit a claim to get a payment. |
| **DO NOTHING** | By doing nothing, you will receive the benefits that come from the settlement, including money if your consumer agreement had your address in an Absolute Bar State. But you give up rights to separately sue Credit Union about the same legal claims asserted. |
| **EXCLUDE YOURSELF** | Get no money or benefits. This is the only option that allows you to ever be part of any other lawsuit against Credit Union about the legal claims. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court must still decide whether to approve the settlement. Money and benefits will be provided if the Court approves the settlement and after any appeals are resolved. Please be patient.

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**..................................................................**PAGE 3**
1.   Why did I get this notice package?
2.   What is this lawsuit about?
3.   Why is this a class action?
4.   Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ...........................................................**PAGE 4**
5.   How do I know if I am part of the settlement?
6.   Are there exceptions to being included?
7.   I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET** .....................................**PAGE 4**
8.   What does the settlement provide?
9.   What can I get from the settlement?

**HOW YOU GET SETTLEMENT BENEFITS** ..............................................**PAGE 5**
10.   How can I get my settlement benefits?
11.   When would I get my settlement benefits?
12.   What am I giving up to get settlement benefits or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..................................**PAGE 6**
13.   How do I get out of the settlement?
14.   If I don't exclude myself, can I sue Credit Union for the same thing later?
15.   If I exclude myself, can I get benefits from this settlement?

**THE LAWYERS REPRESENTING YOU** ...................................................**PAGE 7**
16.   Do I have a lawyer in this case?
17.   How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** .....................................................**PAGE 8**
18.   How do I tell the Court that I don't like the settlement?
19.   What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ....................................................**PAGE 9**
20.   When and where will the Court decide whether to approve the settlement?
21.   Do I have to come to the hearing?
22.   May I speak at the hearing?

**GETTING MORE INFORMATION** ........................................................**PAGE 10**
23.   Are there more details about the settlement?
24.   How do I get more information?

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

# BASIC INFORMATION

## 1. Why did I get a notice?

You or someone in your family may have had a consumer loan agreement directly with or that was assigned to Credit Union for a loan used to purchase property repossessed and sold by Credit Union.

The Court sent you a short-form notice because you should know about a proposed settlement of a class action lawsuit in which you may be a class member, and about all your options, before the Court decides whether to approve the settlement. If the Court approves it, and after objections and appeals are resolved, Credit Union will cancel debts, satisfy judgments, and try to delete deficiency balance information from credit reports related to the repossessed property. Class members may also receive payments, as described more fully in this package.

This notice explains in greater detail about the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge is the Twenty-Second Judicial Circuit Court for St. Louis City, Missouri, and the case is *Anheuser-Busch Employees' Credit Union v. Wells, Case No. 1522-AC09263-01.*

## 2. What is this lawsuit about?

The lawsuit claimed Credit Union violated statutory requirements for certain notices sent by Credit Union when attempting to collect Class Members' loans and repossessing and selling their property. You can read the claims in more detail in Defendant Daniel P. Wells' First Amended Counterclaim at www.settlementwebsite.com.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (Daniel P. Wells in this case) sue for other people with similar claims. All these people with similar claims are a "Class" or "Class Members." One court and one lawsuit resolve the issues for all Class Members, except for those who exclude themselves from the Class. Circuit Judge Barbara Peebles oversees this class action.

## 4. Why is there a settlement?

The parties disagree over who would have won and what Wells or the potential Class would've recovered if they had won. Wells believed he could recover 10% of the principal amount of his loan and the interest charge and other relief. Credit Union believed Wells and the Class were entitled to nothing. To resolve the dispute, and because both parties are unsure of what would've happened in a trial, they agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get money and other benefits. The Class Representative and the attorneys believe the settlement is fair and equitable for all Class Members.

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

# WHO IS IN THE SETTLEMENT

To see if you will get money and other benefits from this settlement, you first must decide if you are a Class Member.

## 5. How do I know if I am part of the settlement?

Judge Peebles decided everyone who fits this description is a Class Member:

> all persons (a) who are named as borrowers or buyers on a consumer loan or consumer financing agreement with Credit Union, assigned to Credit Union, or owned by Credit Union; (b) whose loan or financing agreement was secured by personal property collateral that was used or bought for use primarily for personal, family, or household purposes; (c) whose personal property collateral was repossessed; and (d) whose personal property collateral was disposed of from April 12, 2006, to May 31, 2015; but (e) excluding any persons who are current employees of Credit Union.

Class Members whose consumer financing agreement shows their address in Arkansas, California, Connecticut, Delaware, District of Columbia, Georgia, Iowa, Kansas, Kentucky, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, South Carolina, Texas, Utah, Vermont, Wisconsin, and Wyoming are called Class Members from "Absolute Bar States."

## 6. Are there exceptions to being included?

You're not a Class Member if you're a current employee of Credit Union.

## 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-123-4567 or visit www.settlementwebsite.com for more information.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

## 8. What does the settlement provide?

Credit Union has agreed to provide the Class with settlement benefits valued over $_____, which include:

**MONEY**
Credit Union has agreed to create a $19,750,000 fund to pay: (a) Class Members who had their vehicles repossessed and sold by Credit Union; (b) the attorneys' fees and expenses for representing the Class; and (c) Daniel P. Wells for his services as Class Representative. This amount is called the "Cash Fund."

**DEFICIENCY WRITE-OFF**

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

After the Effective Date (as defined in the Settlement Agreement), Credit Union will no longer seek to collect any money it claimed you owed after it repossessed property because of its claim you broke promises in your agreement with Credit Union. These outstanding amounts are called "Deficiency Balances," and Credit Union has agreed to eliminate these Deficiency Balances and close the accounts connected with them. The value of this benefit to the Class and the Deficiency Balances being eliminated is approximately $29,000,000. This amount is called the "Deficiency Write-Off."

### JUDGMENT WRITE-OFF
Credit Union has sued certain Class Members and obtained money judgments in court against them regarding the Deficiency Balances. After the Effective Date of the settlement, Credit Union will file documents (called satisfactions of judgment) with the courts that entered those judgments to inform the courts that the judgments have been satisfied and eliminated. The value of this benefit to the Class and judgments being satisfied is approximately $47,000. This amount is called the "Judgment Write-Off."

### CREDIT BUREAU REPORTING
After the Effective Date, Credit Union will try to delete deficiency balance information from your credit report with the nationwide consumer reporting companies—Equifax, Experian, and TransUnion—related to the Deficiency Balances and Judgment Write-Offs.

### IRS PRIVATE LETTER RULING
One of the notices that Credit Union sent in connection with repossessing and selling property and that is part of this lawsuit is called a "presale notice." If the Court's independent judicial investigation determines Credit Union's presale notice is legally insufficient, Credit Union will request a Private Letter Ruling from the Internal Revenue Service ("IRS") that supports the parties' belief that the Class Members from Absolute Bar States needn't report any Deficiency Write-Off or Judgment Write-Off as income for their taxes. The IRS may disagree with the parties' belief and determine that part or all the Deficiency Write-Off or Judgment Write-Off is taxable.

Class Members are strongly encouraged to consult with a tax professional about the tax effects of any money and other benefits (including the Deficiency Write-Off and Judgment Write-Off) received from this settlement. The attorneys in this case cannot provide you with any tax advice, and your receipt of benefits under this settlement might have tax consequences.

## 9. What can I get from the settlement?

Every Class Member will receive the benefits of the Deficiency Write-Off and the Judgment Write-Off. All Class Members from Absolute Bar States will receive money. All other Class Members must submit a claim form to get money. The average payment Class Members will receive is $_____, the maximum is $_____, and the minimum is $_____.

The payment you receive depends on the money you borrowed and the interest rate on your loan.

# HOW YOU GET SETTLEMENT BENEFITS

## 10.   How can I get my settlement benefits?

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

If you are a Class Member from an Absolute Bar State, do nothing to receive the settlement benefits.  All other Class Members must submit a valid claim form to get money, but may do nothing to receive the other settlement benefits. A claim form should've already been mailed to you. If you lost yours or need another claim form, please visit www.settlementwebsite.com. If you must submit a claim, read the instructions carefully, fill out the form completely, sign it, and mail it postmarked by _____, 2018, to:

> Settlement Administrator Name
> 100 Something Street
> Somewhere, State 12345-0000

## 11.   When would I get my settlement benefits?

The Court will hold a hearing on _____, 2018, to decide whether to approve the settlement. Even if Judge Peebles approves the settlement, there may be appeals. It's always uncertain how an appeal will be resolved and how long it will take. Some appeals take more than a year. Please be patient. You'll receive your payment if the settlement is approved and after that approval becomes a "final judgment" (i.e. after any appeals are resolved or the time for appealing has passed).

## 12.   What am I giving up to get settlement benefits or stay in the Class?

Unless you exclude yourself by following the procedure below, you are a part of the Class, and that means you can't sue, continue to sue, or be part of any other lawsuit against Credit Union about the legal issues in this case.  For example, you won't be able to make any independent claim against Credit Union arising from the written notices (right-to-cure notices, presale notices, deficiency notices) this lawsuit is about. Staying in the Class also means all the Court's orders in this lawsuit will apply to you and legally bind you. To see exactly the legal claims and defenses you give up if you get settlement benefits, please view the Settlement Agreement at www.settlementwebsite.com.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want benefits from this settlement, but you want to keep the right to sue or continue to sue Credit Union on your own about the legal issues in this case, then you must take steps to get out of the settlement. This is called "excluding" yourself—or is sometimes called "opting out" of the Settlement Class.

## 13.   How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying you want to be excluded from *Anheuser-Busch Employees' Credit Union v. Wells*, Case No. 1522-AC09263-01. Include your name, address, telephone number, last four digits of your Social Security Number, and the name of any other person on your agreement with Credit Union, along with your signature. The exclusion request must be signed by you and by any co-borrower on your agreement, unless the co-borrower is deceased, in which case you must include a death certificate with your request. You cannot exclude yourself by having an actual or purported agent or attorney acting for you or a group of Class Members sign the letter. You must mail your exclusion request postmarked no later than _____, 2018, to:

Settlement Administrator Name

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

100 Something Street
Somewhere, State 12345-0000

If you ask to be excluded, you'll get no settlement benefits, and you cannot object to the settlement. You won't be legally bound by anything that happens. You may sue (or continue to sue) Credit Union about the claims asserted.

## 14.   If I don't exclude myself, can I sue Credit Union for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Credit Union for the claims this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2018**. Exclusion requests postmarked later than this date will not be honored.

## 15.   If I exclude myself, can I get benefits from this settlement?

No. But you may sue, continue to sue, or be part of a different lawsuit against Credit Union about the same types of claims that were made in this case.

# THE LAWYERS REPRESENTING YOU

## 16.   Do I have a lawyer in this case?

The Court appointed Martin L. Daesch, Jesse B. Rochman and their law firm, OnderLaw, LLC to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. They are experienced in handling similar cases against credit unions and banks. More information about these lawyers and their firm is available at www.onderlaw.com. You needn't hire your own lawyer because Class Counsel is working for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17.   How will the lawyers be paid?

Class Counsel has prosecuted this litigation on a contingent basis and has incurred or advanced all costs, expenses, and attorneys' fees associated with the lawsuit since their investigation of claims against Credit Union began in 2015. Class Counsel has not been paid for their work or received reimbursement for the expenses they have incurred or advanced for the Class Representative and Class Members. Class Counsel will ask the Court to approve payment of approximately ___% of the value of the settlement benefits, not to exceed $15,300,000, to them for attorneys' fees and expenses and payment of $25,000 to Daniel P. Wells for his services as Class Representative. The fees and expenses would pay Class Counsel for investigating the facts, litigating the case, negotiating the settlement, and paying the costs to administer the settlement.

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

# OBJECTING TO THE SETTLEMENT

You can tell the Court you don't agree with the settlement or some part.

## 18.   How do I tell the Court I don't like the settlement?

If you're a Class Member, you can object to the settlement if you don't like it. You can explain why you think the Court shouldn't approve it. The Court will consider your views. To object, you must send a letter saying you object to *Anheuser-Busch Employees' Credit Union v. Wells*, Case No. 1522-AC09263-01. Your letter must include your name, address, telephone number, facsimile number (if available), email address (if available), last four digits of your Social Security Number, a statement of your objections, and the reasons and facts you contend support your objections. Your objection must include any documents (including loan documents) you rely upon to support your objection and identify any witnesses you plan to use at the Fairness Hearing (described below). If there is other evidence (e.g., documents) that you rely upon for your objection, you must attach copies to your objection. If you plan to use expert witnesses about your objection, you must provide—with your objection—an expert report for each expert outlining the expert's opinions and the facts and reasons for the expert's opinions. You must also state whether you intend to appear at the Fairness Hearing and provide copies of any evidence you intend to use at the hearing. Finally, you must sign and date the objection and include a statement substantially in this form: "I declare (or certify, verify, or state) under penalty of perjury that all of the information in the objection is true and correct. Executed on (date). (Signature)."

Mail the objection to the Court, to Class Counsel, and to Credit Union's Counsel at the separate addresses below. Your objection must be postmarked no later than _____, **2018**:

| COURT | CLASS COUNSEL | CREDIT UNION'S COUNSEL |
|---|---|---|
| Circuit Clerk's Office | Martin L. Daesch | Thomas M. Martin |
| 10 N. Tucker Blvd. | Jesse Rochman | Joseph E. Bant |
| St. Louis, MO 63101 | OnderLaw, LLC | Lewis Rice LLC |
| | 110 E. Lockwood Ave. | 1010 Walnut St., Suite 500 |
| | St. Louis, MO 63119 | Kansas City, MO  64106 |

If an attorney is submitting the objection for you, besides information and materials discussed above, the objection must also include the name, address, telephone number, facsimile number (if available), and email address (if available) of your attorney and a detailed description of the legal authorities supporting each objection.

If you file an objection, Class Counsel or Credit Union's Counsel may notice and take your deposition, consistent with the Missouri Supreme Court Rules, at an agreed-upon location before the Fairness Hearing, and seek any documentary evidence or other tangible things relevant to the objection. Failure by an objector to comply with discovery requests may cause the Court to strike the objection and otherwise deny that person the opportunity to be heard further. The Court reserves the right to tax the costs of any such discovery to the objector or objector's counsel should the Court determine the objection is frivolous or is made for an improper purpose.

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

## 19.   What's the difference between objecting and excluding?

Objecting is telling the Court you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

## 20.   When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at _____ **a.m./p.m.** on _____, _____, **2018**, at the Twenty-Second Judicial Circuit, 10 N. Tucker Boulevard, St. Louis, Missouri 63101, in Division 29. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Peebles will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and the Class Representative. After the hearing, the Court will decide whether to approve the settlement. We don't know how long these decisions will take.

## 21.   Do I have to come to the hearing?

No. Class Counsel will answer questions that Judge Peebles may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. If you mailed your written objection on time with all the required information, the Court will consider it. You may also pay your own lawyer to attend, but that is unnecessary.

## 22.   May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. You may speak either for or against the settlement. To speak for the settlement, you must send a letter saying it is your "Notice of Intention to Appear in *Anheuser-Busch Employees' Credit Union v. Wells, Case No. 1522-AC09263-01.*" Include your name, address, telephone number, last four digits of your Social Security Number, and your signature. Your "Notice of Intention to Appear" must be postmarked no later than _____, **2018**, and be sent to the Circuit Clerk's Office, Class Counsel, and Credit Union's Counsel, at the three addresses provided in question 18.

If you plan to speak at the Fairness Hearing to tell the Court you don't like something about the settlement, you must submit an objection as detailed in question 18, and include with that objection a statement you intend to appear at the Fairness Hearing. The identity of any witnesses or experts you plan to present at the Fairness Hearing, with evidence you intend to present at the Fairness hearing, must also be included with your objection.

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

Unless the Court provides otherwise, you cannot speak at the hearing if you excluded yourself or if you don't send in a request with the required information and documents.

## GETTING MORE INFORMATION

**23.   Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Credit Union Settlement, P.O. Box 000, City, ST 00000-0000, or by visiting www.settlementwebsite.com.

**24.   How do I get more information?**

You can call 1-800-123-4567 toll free; write to Credit Union Settlement, P.O. Box 000, City, ST 00000-0000; or visit the website www.settlementwebsite.com, where you will find information to help you determine whether you are a Class Member.

DATE: _____, 2018

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

<u>TWENTY-SECOND JUDICIAL CIRCUIT COURT FOR ST. LOUIS CITY, MISSOURI</u>

# Claim Form

*Anheuser-Busch Employees' Credit Union v. Wells, Case No. 1522-AC09263-01*

If your consumer agreement with Credit Union showed an address in a state other than Arkansas, California, Connecticut, Delaware, District of Columbia, Georgia, Iowa, Kansas, Kentucky, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, South Carolina, Texas, Utah, Vermont, Wisconsin, and Wyoming ("Absolute Bar States"), you must fully complete this claim form to be eligible for a payment under the proposed settlement. Return this claim form in the self-addressed prepaid return envelope or otherwise mail it postmarked by _____, **2018**, to:

> Settlement Administrator Name
> 100 Something Street
> Somewhere, State 12345-0000

**Contact information:**

Name: _____

Address: _____

City/State/Zip: _____

Phone: _____

E-mail: _____
(if available)

_____
(Sign your name here)

Electronically Filed - City of St. Louis - April 20, 2018 - 04:27 PM

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    RICHARD PAUL CASSETTA, Attorney for Plaintiff
SERVICE EMAIL:    richard.cassetta@bryancave.com


SERVICE PARTY:    MARTIN L DAESCH, Co-Counsel for Defendant
SERVICE EMAIL:    daesch@onderlaw.com


SERVICE PARTY:    EVAN CHOUTEAU MURPHY, Co-Counsel for Defendant
SERVICE EMAIL:    murphy@onderlaw.com


SERVICE PARTY:    JOSEPH EDWARD BANT, Co-Counsel for Plaintiff
SERVICE EMAIL:    jebant@lrf-kc.com


SERVICE PARTY:    JULIE KATHLEEN GRAHAM, Attorney for Plaintiff
SERVICE EMAIL:    graham@riezmanberger.com


SERVICE PARTY:    HELEN CLAIRE LOONEY, Co-Counsel for Plaintiff
SERVICE EMAIL:    helen.looney@bryancave.com


SERVICE PARTY:    THOMAS M. MARTIN, Co-Counsel for Plaintiff
SERVICE EMAIL:    tmmartin@lrf-kc.com

STATE OF MISSOURI       )
                               )ss
CITY OF ST. LOUIS          )

     I, THOMAS KLOEPPINGER, Clerk of the Circuit Court within and for the City of St. Louis, State of Missouri, do hereby certify that the foregoing are true copies of original documents on files and recorded in my office for the following case
**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT; EXHIBITS 1, A, B AND D**

---

St. Louis City case number 1522-AC09263

     WITNESS my hand and SEAL of said Court this 18TH day of JULY, 2018.

                              _Thomas Kloeppinger_

                               Thomas Kloeppinger
                               Circuit Clerk

                               By:
                               Deputy Clerk



SEAL of the CIRCUIT COURT