IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANHEUSER BUSCH EMPLOYEE CREDIT UNION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No.  4:18-cv-1208-CDP |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

**TRAVELERS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to *inter alia* FED. R. CIV. P. 56 and LOCAL RULE 7 – 4.01, Defendants Travelers Property Casualty Company of America and The Charter Oak Fire Insurance Company (jointly, "Travelers") move for summary judgment on all claims pending in this civil action.  In support of this motion, Travelers states as follows:

1. In this insurance coverage action, Plaintiff Anheuser Busch Employee Credit Union ("AB Credit Union") alleges breach of contract and vexatious refusal against Travelers arising of a class action claim brought by a class of borrowers.  In that underlying suit, the class members alleged that AB Credit Union failed to give proper notice before accelerating the maturity of their unpaid balances and repossessing their vehicles (the "Wrongful Acceleration and Repossession Claims") ***and*** transmitted misleading or unreasonable presale notices before disposing of the class claimants' vehicles and failed to send the class claimants compliant post-sale notices, or any other explanations or writings, providing all required information in the required order (the "Notice Claims").

2. Here, Travelers denies the AB Credit Union's contract and statutory claims and alleges a counterclaim for declaratory judgment to the extent there are similar claims to those brought here by AB Credit Union that were not resolved by the underlying lawsuit.

3. Summary judgment is warranted because the claims in the underlying lawsuit did not allege any damages within the coverage of the insurance policies issued by Travelers.

4. The claims alleged against AB Credit Union in the underlying lawsuit could only trigger coverage under the "property damage" and "personal injury" provisions of Travelers' policies (the Wrongful Acceleration and Repossession Claims potentially constituted "property damage," and the Notice Claims potentially constituted "personal injury").

5. With respect to coverage for "property damage," Missouri law is clear that the insured's repossession of a car is not insurable "property damage" because it is not an "occurrence" and is barred by the "expected or intended injury" exclusion.

6. With respect to coverage for "personal injury," each of Travelers' policies contains a financial services exclusion that prevents the general liability coverage from transforming into a professional liability policy that would cover a financial institution for its professional errors and omissions committed in the course of managing its consumer loan products.

7. Travelers hereby incorporates by reference its Statement of Uncontroverted Material Facts, Memorandum of Law, and evidentiary materials, all of which are filed contemporaneously with this motion.

8. As set forth therein, there is no dispute as to any material fact and Travelers is entitled to judgment as a matter of law on AB Credit Union's state-court petition and Travelers' counterclaim.

9.       Travelers reserves the right to seek summary judgment on its late-notice defense at the close of fact and expert discovery.

WHEREFORE, Defendants request the Court enter a final Order:

a.       Granting Judgment in Defendants' favor on Count I and Count II of Plaintiff's state-court petition and dismissing those claims with prejudice; and

b.       Granting Judgment in Defendants' favor on Defendants' Counterclaim, declaring that Defendants have no duty to defend any "future claims," as that term is defined in paragraph 10 of Defendants' Counterclaim.

In the alternative, and to the extent there are certain issues that are not amenable to summary judgment at this time, Defendants request the Court enter an interlocutory Order granting Defendants all appropriate relief in narrowing the remaining issues.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By:  */s/ Jonathan R. Shulan*
Patrick J. Kenny       38032MO
Jonathan R. Shulan       65426MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
pkenny@armstrongteasdale.com
jshulan@armstrongteasdale.com

*ATTORNEYS FOR DEFENDANTS*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 3, 2019, the foregoing was filed using the Court's electronic filing system, which shall serve the following counsel of record:

David E. Larson
W. Rick Griffin
MARTIN, PRINGLE, OLIVER, WALLACE
& BAUER, L.L.P.
One Main Plaza
4435 Main Street, Suite 920
Kansas City, MO 64111
(816) 753-6006
(816) 502-7898 fax
delarson@martinpringle.com
wrgriffin@martinpringle.com

*Attorneys for Plaintiff*

                                                    /s/ Jonathan R. Shulan
                                                         Attorney for Defendants